IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

NO. 7:22-CV-100-FL

| | |
|---|---|
| SAMPSON COUNTY BOARD OF EDUCATION, | )<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | )<br>) |
| JOSE TORRES individually and on behalf of E.T., a minor child; DIANNE TORRES individually and on behalf of E.T., minor child; and E.T. a minor child, by and through his Legal Guardians, Jose Torres and Dianne Torres, | )  ORDER<br>)<br>)<br>)<br>)<br>)<br>) |
| Defendants. | )<br>) |

This matter is before the court on plaintiff's motion for leave to file additional evidence not in the administrative record (DE 28) and the parties' joint motion to seal the administrative record (DE 25). Plaintiff's motion has been briefed fully and the issues raised are ripe for ruling. For the following reasons, the motions are granted on the terms set forth herein.

**BACKGROUND**

The court incorporates by reference the background and summary of alleged facts in this case arising under the Individuals with Disabilities Education Improvement Act, 20 U.S.C. §§ 1400 et seq. ("IDEA"), as set forth in the court's December 14, 2022, order. (See DE 17). As pertinent to the instant motions, the court's case management order entered January 27, 2023, directed filing of the administrative record, which was completed March 13, 2023, and allowed the parties to file motions

setting forth: 1) objections or proposed amendments to the contents thereof, and/or b) "requests for the court to receive additional evidence" not therein. (DE 20 ¶ 3).

No objections or proposed amendments to the contents of the administrative record were filed. Plaintiff filed the instant motion for leave to file additional evidence not in the administrative record, on April 12, 2013, defendants responded in opposition, and plaintiff replied. In the meantime, the parties filed the instant joint motion to seal, relying upon a copy of this court's order upon motion to seal in the case Coleman on behalf of N.C. v. Wake Cnty. Bd. of Educ., 5:17-cv-00295-FL (E.D.N.C. Dec. 18, 2018).

### COURT'S DISCUSSION

A.  Motion for Leave

In reviewing the underlying administrative decision in this case, "the court – (i) shall receive the records of the administrative proceedings; (ii) shall hear additional evidence at the request of a party; and (iii) basing its decision on the preponderance of the evidence, shall grant such relief as the court determines is appropriate." 20 U.S.C. § 1415(i)(2)(C) (emphasis added). "District courts conduct a modified de novo review, giving due weight to the underlying administrative proceedings, but are empowered to receive and consider evidence outside the administrative record." Johnson v. Charlotte-Mecklenburg Sch. Bd. of Educ., 20 F.4th 835, 840 (4th Cir. 2021).

The United States Court of Appeals for the Fourth Circuit has adopted "a strict approach to the concept of 'additional evidence'" for purposes of IDEA, Springer v. Fairfax Cnty. Sch. Bd., 134 F.3d 659, 667 (4th Cir. 1998), following Town of Burlington v. Department of Educ., 736 F.2d 773 (1st Cir.1984). In accordance with this approach, the "additional evidence" "clause does not authorize witnesses at trial to repeat or embellish their prior administrative hearing testimony." Springer, 134 F.3d at 667 (quoting Burlington, 736 F.2d at 790). In addition, "the exclusion of testimony from all

2

who did, or could have, testified before the administrative hearing would be an appropriate limit in many cases." Id.

Nevertheless, this is not a "rigid rule," and "[t]he determination of what is 'additional' evidence must be left to the discretion of the trial court[,] which must be careful not to allow such evidence to change the character of the hearing from one of review to a trial de novo." Burlington, 736 F.2d at 790-791. "[A] court should weigh heavily the important concerns of not allowing a party to undercut the statutory role of administrative expertise, the unfairness involved in one party's reserving its best evidence for trial, the reason the witness did not testify at the administrative hearing, and the conservation of judicial resources." Id. at 791.

Furthermore, in allowing a party leave to file additional evidence not in the administrative record, the court need not make a final determination as to whether "to discount that evidence" or as to "the proper weight to be given," if any, to the evidence. Schaffer ex rel. Schaffer v. Weast, 554 F.3d 470, 475 (4th Cir. 2009).

In this case, plaintiff seeks to introduce the following additional evidence not included in the administrative record: "The entirety of the documentation related to the disciplinary matter at issue in the underlying due process hearing," including "[d]ocumentation and audio recordings of the disciplinary due process (separate – by law – from the special education process)." (Pl's Mot. (DE 28) at 2). Plaintiff explains the basis for introduction of this evidence as follows:

> While it is the Plaintiff Board's position that it was wholly improper for the [Administrative Law Judge ('ALJ')] in the underlying due process action to allow the administrative investigation and disciplinary process to be relitigated as part of the special education hearing, the ALJ allowed the introduction of partial information (two student statements) from the administration's disciplinary investigation. From these two statements, the ALJ substituted her own conclusions for those of the school administrators as to the misconduct and investigation. There are two other student statements that were considered in the student disciplinary proceeding but not considered by the ALJ, plus other evidence such as investigative notes.

3

(Id. at 3). Plaintiff states it is its "position that the ALJ should not have considered any of the evidence from the student disciplinary hearing, and that such evidence should not be considered by this court[.]" (Id.). "However, to the extent the Court is inclined to consider any such evidence," plaintiff seeks to include "the complete records from E.T.'s student discipline hearings." (Id.).

Defendants oppose introduction of the proposed additional evidence on the basis that this evidence previously was available to plaintiff and nothing precluded plaintiff from introducing this evidence as part of its disclosures before the ALJ. Accordingly, defendants argue, including the evidence now would reduce this matter to an "unrestricted trial de novo," thus prejudicing defendants, and the additional evidence is not relevant to the court's review of the ALJ's decision. (Defs' Mem. (DE 32) at 3-4).

Upon consideration of the factors bearing on receiving additional evidence and the record in this case, plaintiff has demonstrated good cause for leave to file the additional evidence not in the administrative record. The court recognizes that plaintiff could have sought to raise evidence before the ALJ, and that this factor weighs against adding it now. However, it is significant that plaintiff asserts it did not introduce the additional evidence before the ALJ because it objected to ALJ considering any evidence of this nature. Plaintiff states that it seeks to add the evidence now only as a corollary to its argument that the "ALJ should not have considered any of the evidence from the student disciplinary hearing," suggesting this may demonstrate procedural error on the part of the ALJ. (Pl's Mot. (DE 28) at 3).

It is also significant that plaintiff is not seeking to introduce new evidence created after the time of the ALJ hearing, thus running counter to defendants' suggestion that the additional evidence will create an "unrestricted trial de novo." (Defs' Mem. (DE 32) at 3). Allowing leave to file the

4

new evidence also does not open the door to "authoriz[ing] witnesses at trial to repeat or embellish their prior administrative hearing testimony." Springer, 134 F.3d at 667

Finally, the court need not, and does not, make a final determination at this juncture as to the "weight to be given" the additional evidence, or whether it is determinative to the merits of the parties' arguments upon review of the ALJ's decision. Schaffer, 554 F.3d at 475. The court leaves for another day consideration of defendants' arguments challenging the relevance of the additional evidence, if at all, in the context of the parties' dispositive motions or at trial as warranted. It suffices at this juncture that granting defendants leave to file the additional evidence is appropriate under the circumstances of this case.

Therefore, plaintiff's motion for leave to file additional evidence not in the administrative record is granted. Plaintiff is DIRECTED to file, within seven days of the date of this order, the additional evidence not in the administrative record, described herein. In accordance with the court's January 27, 2023, case management order, all potentially dispositive motions shall be filed within 60 days of the date of this order.

B.    Motion to Seal

The parties jointly move to seal the administrative record in order to maintain the confidentiality of E.T.'s health information and educational records, and to protect the identity of the other minor referenced during the administrative proceedings. The court applies a First Amendment standard, under which "access may be denied only on the basis of a compelling governmental interest, and only if the denial is narrowly tailored to serve that interest," in anticipation of the parties using the administrative record in dispositive motions. Stone v. Univ. of Maryland Med. Sys. Corp., 855 F.2d 178, 180 (4th Cir. 1988).

5

Here, the parties have demonstrated that sealing is appropriate based upon sensitive educational and medical information pertaining to the minor-defendant and the other minor referenced in plaintiff's claims. The parties further have demonstrated that there are no less restrictive measures than sealing, because redaction of the administrative record would present a significant hardship to plaintiff, given the amount of sensitive references involved. Sealing the entire administrative record, however, does not preclude the court or the parties from referencing the administrative record in redacted format, or through portions of the administrative record that do not disclose sensitive educational and medical information.

Therefore, the parties' motion to seal is granted. The clerk is DIRECTED to maintain under seal the administrative record filed at DE 23 and DE 24. Sealing applies equally to any additional evidence anticipated to be filed by plaintiff, and plaintiff shall file such additional evidence under seal without need for a separate motion to seal.

## CONCLUSION

Based on the foregoing, plaintiff's motion for leave to file additional evidence not in the administrative record (DE 28) and the parties' joint motion to seal the administrative record (DE 25) are GRANTED on the terms set forth herein.

SO ORDERED, this the 31st day of May, 2023.

_____
LOUISE W. FLANAGAN
United States District Judge